NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALLEN ANDERSON, | : |
| Plaintiff, | : Civ. No. 04-3410 (GEB) |
| v. | : **MEMORANDUM OPINION** |
| CORRECTIONAL MEDICAL SERVICES, INC., *et al.*, | : |
| Defendants. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon the appeal of defendants Correctional Medical Services, Inc., William Andrade, M.D., James Neal, M.D., James Ruman, R.N., Rock Welch, Abu Ahsan, M.D., Fernando Hoyos, M.D., Sheree Starrett, M.D., Adedayo Odunsi, M.D., and Fran Green, N.P. (referred to collectively as "Defendants"), of Magistrate Judge Hughes' Order entered March 21, 2006.  The Court, having considered the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will deny Defendants' appeal and affirm Judge Hughes' Order.

**I.      BACKGROUND**

Plaintiff Allen Anderson ("Plaintiff") commenced this action on or about July 20, 2004, against Defendants, alleging civil rights and medical negligence claims as a result of the inadequate care allegedly provided to Plaintiff during his incarceration.

On or about January 4, 2005, Plaintiff served an Affidavit of Merit by Daniel A. Schwartz,

D.O., in support of his claims. (See Certification of Kerri E. Chewning, Esquire, at Exhibit 1A.) On or about December 23, 2005, the individual defendants filed an application to depose Dr. Schwartz. (Id. at Exhibit 1.) On January 12, 2006, following Plaintiff's filing of opposition to the application and the reply of the individual defendants, Magistrate Judge Hughes conducted a telephone conference with the parties to discuss the application. (See id. at Exhibits 3-4.) On March 21, 2006, Magistrate Judge Hughes entered an Order denying the individual defendants' application on the basis that any objections to the Affidavit of Merit were untimely and therefore the deposition did not appear reasonably calculated to lead to the discovery of admissible evidence under Federal Rule of Civil Procedure 26(b).

On or about April 4, 2006, Defendants filed the instant appeal of the March 21, 2006 Order.

**II.    DISCUSSION**

　　A.  Standard of Review

A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law."[1] 28 U.S.C. § 636(b)(1)(A); see also FED. R. CIV. P. 72(a); L. CIV. R. 72.1(c)(1); see also Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987); Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213-14 (D.N.J.1997). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J.

---

[1] A party objecting to a magistrate judge's order may, within ten days of service of the order, serve and file objections with the district judge. FED. R. CIV. P. 72(a); L. CIV. R. 72.1(c)(1)(A).

1995)(quoting United States v. U. S. Gypsum Co., 333 U.S. 364, 395 (1948)). A district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination. Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992). Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently. Cardona v. Gen. Motors Corp., 942 F. Supp. at 971 (quoting Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994). The court, however, will review a magistrate judge's legal conclusions under *de novo* review. Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

"Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Id.; see also 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 3069 (2d ed. 1997)("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). The deferential standard of review is particularly appropriate in the case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings. Cooper Hosp., 183 F.R.D. at 127 (quoting Public Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993), aff'd on other grounds and rev'd on other grounds, 50 F.3d 1239 (3d Cir.1995)).

    B.  The Magistrate Judge's Order Did Not Constitute an Abuse of Discretion and Was Not Clearly Erroneous or Contrary to Law

Defendants largely focus their appeal upon the citation in Judge Hughes' Order to Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003). However, the Court notes that this citation

was merely one of the bases for denying the application to depose Dr. Schwartz and not the sole dispositive factor in the Order. Furthermore, upon a *de novo* review of Judge Hughes' conclusions of law, and mindful of the deference accorded to the discretion of magistrate judges in cases where the magistrate judge has managed the case from the outset and in cases involving discovery disputes, the Court will affirm Judges Hughes' Order.

The Court notes that following the matter being transferred, Judge Hughes has been the magistrate judge assigned to the case for nearly the entirety of the proceedings, with the case's docket reflecting an assortment of proceedings before Judge Hughes. Accordingly, the Court accepts Judge Hughes' findings of fact reflecting that Defendants failed to raise any objections with the Court as to the sufficiency of Plaintiff's Affidavit of Merit at any prior point in the proceedings, including the Case Management Conference held on March 15, 2005.

Even if, as Defendants contend, the rule set forth in Ferreira was merely "proposed" and not adopted by the New Jersey courts, the application in the instant matter was properly dismissed pursuant to Federal Rule of Civil Procedure 26(b). The Rule states that the Court "may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). The rule is further subject to several exceptions. Id. Specifically, the Court is permitted to limit discovery where "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought . . . ." FED. R. CIV. P. 26(b)(2)(ii).

Therefore, on the record before the Court, Judge Hughes did not abuse his discretion in denying the application to depose Dr. Schwartz because the individual defendants had ample

opportunity by discovery in the action to obtain the information sought prior to filing the application in question. Consequently, Defendants' appeal is denied and Judge Hughes' March 21, 2006 Order is affirmed.

### III.   CONCLUSION

For the foregoing reasons, Defendants' appeal is denied and the March 21, 2006 Order of the magistrate judge is affirmed. An appropriate form of order accompanies this Memorandum Opinion.

Dated: June 6, 2006

   s/ Garrett E. Brown, Jr.     
GARRETT E. BROWN, JR., U.S.D.J.
