NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALLEN ANDERSON, | : | |
| Plaintiff, | : | Civ. No. 04-3410 (GEB) |
| v. | : | **MEMORANDUM OPINION** |
| CORRECTIONAL MEDICAL SERVICES, INC., WILLIAM ANDRADE, JAMES J. NEAL, MD, JAMES RUMAN, RN, ROCK WELCH, ABU AHSAN, MD, JOHN DOE AND JANE DOES 1-5, STEVEN LEVENBERG, MD, F/N/U HOYOS, MD, SHREE STARRETT, MD, ADEDAYO ODUNSI, MD, MICHAEL GERSTEN, MD FRAN GREEN, NPC, AND ELIZABETH FLETCHER, APN, | : | |
| Defendants. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon Defendant Michael Gersten, MD's ("Dr. Gersten") motion for summary judgment. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will grant Dr. Gersten's motion for summary judgment.

1

I.  **BACKGROUND**

On June 19, 2004, Allen Anderson commenced a lawsuit against Dr. Gersten, alleging that Dr. Gersten violated 42 U.S.C. § 1983 and committed medical malpractice by failing to timely and appropriately treat Anderson's Hepititis C Virus ("HCV"). (Compl. at 12-15.) The following excerpts from Anderson's medical history pertain to his claims against Dr. Gersten. Anderson is 65 years of age. (Def.'s Statement of Facts ¶ 6.)[1] He has been incarcerated at juvenile detention centers and prisons for much of his life. (*Id.* ¶¶ 7-25.) Anderson began injecting himself with heroin when he was 19 or 20 years of age. (*Id.* ¶¶ 26, 28.)

In 1968, while Anderson was incarcerated at an Atlanta federal penitentiary, he learned that he had some form of hepatitis. (*Id.* ¶¶ 16, 30.) In 1993, while Anderson was incarcerated at either Rahway State Prison or Trenton State Prison, Dr. Glickel diagnosed him with HCV. (*Id.* ¶¶ 21, 31.) Anderson did not discuss treatment options with Dr. Glickel. (*Id.* ¶ 31.)

In 1995, while Anderson was incarcerated at Trenton State Prison, he was examined by Dr. Gersten, a gastroenterologist affiliated with St. Francis Medical Center. (*Id.* ¶¶ 22, 37.) In his Operative Report, Dr. Gersten noted that Anderson had chronic hepatitis, which Anderson had recalled having since 1969, and abnormal liver function. (*Id.* Ex. C. (Operative Report).) Anderson stated at his deposition that he did not recall discussing treatment options with Dr. Gersten at that time. (*Id.* ¶ 39.)

Defendant Adedayo Odunsi, MD ("Dr. Odunsi") examined Anderson in or around 1999, while he was incarcerated at the Northern State Prison. (*Id.* ¶ 32.) Dr. Odunsi diagnosed him

---

[1] Anderson has not contested Dr. Gersten's statement of material facts. Accordingly, those facts are deemed admitted. L.Civ.R. 56.1; *see also Hill v. Algor*, 85 F. Supp. 2d 391, 408 n.26 (D.N.J. 2000) ("facts submitted in the statement of material facts which remain unconstested by the opposing party are deemed admitted.")

with cirrhosis of the liver.  (*Id*.)  Dr. Odunsi allegedly told Anderson that he could not take the HCV treatment because of his age, the pain it would cause and its potentially lethal effect.  (*Id*. ¶ 33.)  Anderson alleges that he asked Dr. Odunsi to administer the treatment despite these concerns, but Dr. Odunsi refused.  (Anderson Dep. at 84:14-22.)  Anderson also alleges that he continuously complained about not getting HCV treatment from that day forward.  (*Id*. at 84:23-85.)

Anderson requested to be evaluated for HCV treatment by a different physician.  (Def.'s Statement of Facts Ex. D. (New Jersey Dept. of Corrections Consultation Request).)  In 1999, the prison officials contacted Dr. Gersten, asking him to perform the evaluation.  Dr. Gersten concluded that Anderson was unlikely to respond to HCV treatment because of his medical history.  Dr. Gersten added that he could not authorize the treatment because he could not regularly monitor Anderson.  (*Id*.)  Dr. Gersten did treat Anderson for other conditions, including cirrhosis of the liver, until May 23, 2006.  (*Id*. ¶¶ 42-51.)  In 2002, while at South Woods State Prison, Anderson submitted a second consultation request seeking a reevaluation of the Drs.' decisions not to treat his HCV.  (Def.'s Statement of Facts ¶ 36.)  Dr. Gersten still declined to treat Anderson's HCV.

On November 20, 2006, Dr. Gersten filed the present motion for summary judgment.  Dr. Gersten raised three arguments in support of his motion: (a) he was not acting under color of state law; therefore, the Section 1983 claim should be dismissed; (b) his actions did not reflect a "deliberate indifference" to Anderson's "serious medical needs" pursuant to *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); therefore, the Section 1983 claim should be dismissed; and (c) the medical malpractice claim is barred by New Jersey's statute of limitations.  Anderson responded

3

that he is no longer pursuing the Section 1983 claim against Dr. Gersten.  (Pl.'s Br. At 1.)  Therefore, the only issue left for the Court to consider is whether Anderson's medical malpractice claim is barred by the statute of limitations.

## II.   DISCUSSION

### A.   Standard of Review

In deciding a motion for summary judgment, a court should grant the motion if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).  The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *See Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).  In arguing against a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

### B.  Statute of Limitations

#### 1.  The Parties' Arguments

Dr. Gersten argues that the statute of limitations on the medical malpractice claim began

to run when Anderson learned that he was infected with HCV and that treatment was available. (Def.'s Br. at 1.)  According to Dr. Gersten, this occurred in 1993, when Dr. Glickel informed him that he had HCV, or, at the latest in 1999, when Drs. Odunsi and Gersten informed him that treatment was available but he was not eligible to receive it.

Anderson argues that the discovery rule applies here and tolls the statute of limitations until 2002, which is the date when he allegedly first found out about HCV treatment from other inmates and sought a reevaluation of Drs. Odunsi and Gersten's decisions not to administer the treatment.  (Pl.'s Br. at 5-8.)  Anderson also argues that summary judgment is improper because Dr. Gersten treated him for HCV during the two years before the Complaint was filed.

### 2. Applicable Case Law

This Court applies New Jersey's statute of limitations to medical malpractice claims.  *See Yarchak v. Trek Bicycle Corp.*, 208 F. Supp. 2d 470, 478-79 (D.N.J.  2002) (noting that New Jersey's statute of limitations that governs personal injury claims is found at *N.J. Stat. Ann.* § 2A:14-2.)  Section 2A:14-2 requires that medical malpractice lawsuits be commenced no later than two years from the date of accrual of the plaintiff's cause of action.  A cause of action accrues when the plaintiff is aware of both the fact that he has been injured and that another may be at fault.  *Martinez v. Cooper Hosp.-Univ. Med. Ctr.*, 163 N.J. 45, 52 (2000).  The date of accrual is typically the same as the date of the defendant's negligent act or omission.  *Id*. at 51.

However, if on the date of the negligent act or omission, the plaintiff does not reasonably know both that he has been injured and that another may be at fault, courts rely on the discovery rule to prevent the statute of limitations from running until the plaintiff obtains such knowledge.

*Baird v. American Med. Optics*, 155 N.J. 54, 66 (1998). In deciding what the date of accrual was and whether to apply the discovery rule, courts rely on an objective standard. *Id. at* 72. The test is whether the facts at issue "would alert a reasonable person exercising ordinary diligence that he or she was injured due to the fault of another." *Id*. The plaintiff is merely required to have "an awareness of 'material facts' relating to the existence and origin of the injury rather than comprehension of the legal significance of such facts." *Lynch v. Rubacky*, 85 N.J. 65, 73 (1981).

### 3. Dr. Gersten's Motion for Summary Judgment Should be Granted

The Court finds that Anderson's medical malpractice claim accrued in 1999 because by that date he was aware of his injury and of the fact that it may be another's fault. Anderson alleges that the defendants injured him by failing to administer HCV treatment. Anderson was aware of this injury in 1999 when Drs. Odunsi and Gersten told him that HCV treatment existed but that he was not eligible to receive it. Anderson admitted at his deposition that from 1999 forward, he continuously complained about not receiving HCV treatment. Anderson was also aware that his injury may be Dr. Gersten's fault by 1999 when Dr. Gersten declined to treat him for HCV. Therefore, the statute of limitations accrued in 1999 and Anderson had two years from that date to file his medical malpractice claim. Because Anderson filed the claim five years later, in 2004, it is barred by the statute of limitations.

Anderson's argument that summary judgment is improper because Dr. Gersten treated him for HCV during the two years before the Complaint was filed is irrelevant. Anderson does not cite any case law in support of his conclusion and does not explain why this fact impacts the

statute of limitations analysis. (Pl.'s Br. at 5-6.) Anderson's argument that this cause of action accrued in 2002 is not persuasive either. First, Anderson's allegation that he first found out about the HCV treatment from other inmates in 2002 is contradicted by other evidence. Anderson testified at his deposition that Dr. Odunsi told him about HCV treatment in 1999. Anderson's 1999 consultation request, seeking to be evaluated for HCV treatment, also proves that he knew about the treatment in 1999. Second, Anderson's allegation that he first found out Dr. Gersten's care was substandard in 2002 does not reflect the governing legal standard. When Anderson claims that Dr. Gersten's care was substandard, he necessarily implies that there is some legal standard of care that Dr. Gersten failed to meet. However, it does not matter when or whether Anderson knew that Dr. Gersten failed to meet some legal standard of care. The governing legal standard only requires Anderson to know the "'material facts' relating to the existence and origin of the injury . . . [not] the legal significance of such facts." *Lynch*, 85 N.J. at 73.

Contrary to Anderson's arguments, the discovery rule does not apply in this case. The discovery rule is called into play only when the plaintiff is either "unaware that he sustained an injury" or knows that he sustained an injury but does not know that "it is, or may be, attributable to the fault of another." *Tevis. v. Tevis*, 79 N.J. 422, 432 (1979). Neither of these scenarios exists here; therefore, there is no basis to apply the discovery rule.

### III.   CONCLUSION

For these reasons, Dr. Gersten's motion for summary judgment is granted and all claims against him are hereby dismissed with prejudice. An appropriate form of order is filed herewith.

Dated: April 17, 2007

                                                                                  s/ Garrett E. Brown, Jr.
                                                                            GARRETT E. BROWN, JR., U.S.D.J.