<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALLEN ANDERSON, | : | |
| Plaintiff, | : | Civ. No. 04-3410 (GEB) |
| v. | : | **MEMORANDUM OPINION** |
| CORRECTIONAL MEDICAL SERVICES, INC., WILLIAM ANDRADE, JAMES J. NEAL, MD, JAMES RUMAN, RN, ROCK WELCH, ABU AHSAN, MD, JOHN DOE AND JANE DOES 1-5, STEVEN LEVENBERG, MD, F/N/U HOYOS, MD, SHREE STARRETT, MD, ADEDAYO ODUNSI, MD, MICHAEL GERSTEN, MD, FRAN GREEN, NPC, AND ELIZABETH FLETCHER, APN, | : | |
| Defendants. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon plaintiff Allen Anderson's Motion for Reconsideration of this Court's April 17, 2007, Opinion and Order. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will deny Anderson's motion.

I.  **BACKGROUND**

The factual background of this action is discussed at length in the April 17th Opinion at 2-4.  In that Opinion, the Court granted defendant Dr. Michael Gersten's Motion for Summary Judgment, dismissing all claims against him with prejudice.  On April 30, 2007, Anderson filed the pending motion.  Briefing on the matter now complete, the Court will address the pending motion.

II.  **DISCUSSION**

   A.  **The Parties' Arguments**

Anderson argues that the Court committed a clear error of law and facts by declining to apply the discovery rule to toll the statute of limitations until 2002.  (Anderson Brief at 2).  He argues, for the first time, that his reliance on Dr. Gersten's and Dr. Adedayo Odunsi's repeated assertions that he was not eligible for Hepititis C Virus ("HCV") treatment prevented him from discovering that their diagnoses were erroneous.  *Id.* at 4.   Anderson argues he first found out that he had a claim in 2002, when he contacted his present attorney, who arranged to have Anderson's medical records reviewed by another physician.  *Id.*  Anderson alleges that physician told him he could have been a candidate for treatment.  *Id.*

Dr. Gersten argues that Anderson is not entitled to reconsideration because he has not alleged that there has been a change in the controlling law or the discovery of new evidence since the Court's April 17th Opinion.  (Gersten Brief at 2-3).  According to Dr. Gersten, Anderson's motion is "nothing more than a rehashing of the same arguments, with the same case and statutory law, and facts of the case, as were already considered by this Honorable Court, in

granting Summary Judgment to Dr. Gersten." *Id.* at 2.

### B. Applicable Law

Motions for reconsideration are governed by Local Civil Rule 7.1(i). These motions can succeed only upon a showing that either "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) [reconsideration] is necessary to correct a clear error of law or prevent manifest injustice." *Carmichael v. Everson*, 2004 U.S. Dist. LEXIS 11742, * 2-3 (D.N.J. May 21, 2004); *see also United States v. Compaction Systems Corp.*, 88 F. Supp. 2d 339, 345-46 (D.N.J. 1999) (motion for reconsideration appropriate when court overlooked dispositive factual or legal matters presented to it); *Resorts Intern. v. Greate Bay Hotel and Casino*, 830 F. Supp. 826, 831 and n.3 (D.N.J. 1992) (same); *Electric Mobility Corp. v. Bourns Sensors/Controls*, 87 F. Supp. 2d 394, 401 (D.N.J. 2000) (motion appropriate when there has been an intervening change in law); *Database America, Inc. v. Bellsouth Advertising & Publishing Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (motion appropriate when evidence previously unavailable has now become available).

Generally, the moving party is not entitled to raise new arguments that could have been addressed in the original moving and responsive papers. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) ("Not only are such motions not a substitute for the appellate process, such motions are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers"); *NL Industries Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to . . . raise arguments or present evidence that could have been raised prior to the entry of judgment.").

3

However, the court does have the discretion to consider evidence raised for the first time in the motion for reconsideration if such evidence may lead to a different decision. *Panna v. Firstrust Sav. Bank*, 760 F. Supp. 432, 435 (D.N.J. 1991) ("There is nothing to prevent the court from examining new facts or evidence that might lead to a different result if considered by the court.").

C. **Anderson's Motion is Denied**

Anderson's motion for reconsideration is denied because is it based on a new argument and new evidence that could have been raised in his responsive papers. In his response to Dr. Gersten's Motion for Summary Judgment, Anderson argued that the statute of limitations should be tolled until 2002 because that is when he first learned from other inmates that treatment for HCV was available and that is when he asked the prison officials to reevaluate Dr. Gersten's treatment. (Anderson's January 16, 2007, Brief at 7); *see also,* April 17th Opinion at 7 (addressing these arguments).

Anderson's responsive papers never alluded to his present argument that his reliance on the doctors' diagnoses prevented him from discovering that Dr. Gersten's diagnosis was wrong, but that he first made this discovery when a physician retained by his attorney reviewed his medical file and told him that he could have been a candidate for treatment. In fact, the responsive papers didn't even mention that his attorney retained a physician to evaluate him. Anderson has failed to proffer an explanation for these omissions.

The Court will not use its discretion to consider Anderson's argument because it is too vague to prompt a change in the Court's original decision: Anderson failed to specify the name of

the physician allegedly retained by his attorney or to provide any documents evidencing the physician's involvement in the present action.  Accordingly, the Court will not permit Anderson "to take 'a second bite at the apple' under a new theory after [his] first arguments fell short." *Farmer v. Camden Bd. of Educ.*, 2005 U.S. Dist. LEXIS 14436, * 9 (D.N.J. July 19, 2005) (citing *Bhatnagar by Bhatnagar v. Surrendra Overseas*, 52 F.3d 1220, 1231 (3d Cir. 1995).

### III.   CONCLUSION

For these reasons, Anderson's Motion for Reconsideration is denied.  An appropriate form of order is filed herewith.


Dated: June 14, 2007


                                       s/ Garrett E. Brown, Jr.
                                   GARRETT E. BROWN, JR., U.S.D.J.