NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| ALLEN ANDERSON, | : | |
| Plaintiff, | : | Civ. No. 04-3410 (GEB) |
| v. | | |
| | : | **MEMORANDUM OPINION** |
| CORRECTIONAL MEDICAL SERVICES, INC., *et al.*, | : | |
| Defendants. | : | |

_____

**BROWN, Chief Judge**

This matter comes before the Court upon the motion for summary judgment of

Defendants Correctional Medical Services ("CMS"), William Andrade ("Andrade"), James J.

Neal, M.D. ("Neal"), James Ruman, R.N. ("Ruman"), Rock Welch ("Welch"), Abu Ahsan, M.D.

("Ahsan"), Fernando Hoyos, M.D. ("Hoyos"), Adedayo Odunsi, M.D. ("Odunsi"), Fran Green,

NPC ("Green") and Sheree Starrett, M.D. ("Starett") (collectively, "Defendants"). The Court has

reviewed the parties' submissions and decided the motion without oral argument pursuant to

Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant

Defendants' motion.

**BACKGROUND**

The factual background of this action is discussed at length in this Court's April 17, 2007

Opinion. In that Opinion, the Court granted defendant Dr. Michael Gersten's Motion for

Summary Judgment, dismissing all claims against him with prejudice. On June 14, 2007, the

Court denied Mr. Anderson's motion for reconsideration of that decision. On July 12, 2007,

Defendants filed the instant motion for summary judgment, seeking to have all claims against

them dismissed.

## DISCUSSION

### A.     STANDARD

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

### B.     APPLICATION

Defendants contend that Mr. Anderson's Section 1983 and medical malpractice claims are barred by the applicable statute of limitations, and should be dismissed.  (Def. Br. at 5.)  The Court agrees.

As explained in our April 17, 2007 Opinion, this Court applies New Jersey's statute of limitations to medical malpractice claims.  *See Yarchak v. Trek Bicycle Corp.*, 208 F. Supp. 2d 470, 478-79 (D.N.J. 2002) (noting that New Jersey's statute of limitations governing personal injury claims is found at N.J. Stat. Ann. § 2A:14-2.)  Section 2A:14-2 requires that medical

malpractice lawsuits be initiated no later than two years from the date of accrual of plaintiff's

cause of action. *Id.* That statute of limitations is also applicable to the Section 1983 claim at

issue here. *See Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) ("The

statute of limitations for any Section 1983 claim is the state statute which limits actions for

personal injuries."), *citing Wilson v. Garcia*, 471 U.S. 261 (1985).

A cause of action accrues when the plaintiff is aware of both the fact that he has been

injured and that another may be at fault. *Martinez v. Cooper Hosp.-Univ. Med. Ctr.*, 163 N.J. 45,

52 (2000). The date of accrual is typically the same as the date of the defendant's negligent act

or omission. *Id.* at 51. However, if on the date of the negligent act or omission the plaintiff does

not reasonably know both that he has been injured and that another may be at fault, courts rely on

the discovery rule to prevent the statute of limitations from running until the plaintiff obtains

such knowledge. *Baird v. American Med. Optics*, 155 N.J. 54, 65-66 (1998). In determining the

date of accrual and assessing whether to apply the discovery rule, courts rely on an objective

standard. *Id.* at 68-69. The test is whether the facts at issue would alert a reasonable person

exercising ordinary diligence that he or she was injured due to the fault of another. *Id.* at 68.

The plaintiff is merely required to have "an awareness of 'material facts' relating to the existence

and origin of the injury rather than comprehension of the legal significance of such facts." *Lynch

v. Rubacky*, 85 N.J. 65, 73 (1981), *quoting Burd v. New Jersey Tel. Co.*, 76 N.J. 284, 291 (1978).

Defendants contend that Mr. Anderson "was aware no later than 1993 . . . that he had

contracted HCV [(Hepatitis C Virus), and] was aware no later than 1999 that his HCV was

linked to the problems he was having with his liver, namely cirrhosis." (Def. Br. at 6.)

Defendants submit that "[i]n 1999 decedent knew that he was denied treatment which he thought

he was entitled too [sic] . . . [and] knew that the denial of the treatment was causing him injury or harm." (*Id.*) Defendants conclude that Mr. Anderson had until 2001 to initiate this action, and that since his suit was not filed until July 20, 2004, it is barred under the applicable statute of limitations. (*Id.*) In support of their position, Defendants highlight this Court's April 17, 2007 Memorandum Opinion dismissing Plaintiff's claims against Dr. Gersten on the grounds that he had not filed his claim for more than five years after his cause of action accrued. (Def. Reply at 3.)

Plaintiff responds that the Court should apply the discovery rule and hold that Mr. Anderson was not aware, from 1993 to 1999, that he "should have been provided with treatment options, education and monitoring for his Hepatitis C" during that period, and that this lack of awareness resulted from his physicians' representations. (Pl. Opp'n at 7.) Plaintiff adds that "Mr. Anderson should have been placed on a liver transplant list upon the Defendants discovering that he was no longer a candidate for treatment due to the progression of the disease." (*Id.* at 8.) Plaintiff claims that "Mr. Anderson never knew he should have been placed on a transplant list until 2006." (*Id.*)

Plaintiff's argument is unconvincing. This Court held on April 17, 2007 that "Anderson's medical malpractice claim accrued in 1999 because by that date he was aware of his injury and of the fact that it may be another's fault." Mem. Op. at 6. The Court concluded then that "the statute of limitations accrued in 1999 and Anderson had two years from that date to file his medical malpractice claim." *Id.* There remains no genuine issue of material fact that Mr. Anderson failed to file his suit within the statute of limitations. The Court will therefore dismiss his claims against Defendants.

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' motion for summary judgment.

An appropriate form of Order accompanies this Memorandum Opinion.

Dated: August 31, 2007

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.